UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | No. 2:17-cv-01888 AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF Nos. 2, 5.

**I.     Application to Proceed In Forma Pauperis**

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Screening Order

Plaintiff alleges that, upon arrival at Deuel Vocation Institution ("DVI"), he asked defendant Harrison[1] for assignment to administrative segregation "do (sic) to [his] charges." ECF No. 1 at 3. He emphasizes that he was assigned to administrative segregation at his prior institution and should have retained that status at DVI. Id. Harrison allegedly denied plaintiff's request and assigned him to a non-segregated cell where, after approximately twenty minutes, he was physically assaulted by his cell mate. Id. Plaintiff alleges that this incident left him with bruises to his face and body, as well as post-traumatic stress syndrome. Id.

It is well settled that "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is objectively, sufficiently serious and (2) the prison officials had a sufficiently culpable state of mind, acting with deliberate indifference." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (citing Farmer, 511 U.S. at 834) (internal quotation marks omitted). "Deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. (quoting Farmer, 511 U.S. at 835).

The court concludes that additional information is necessary to determine whether plaintiff has stated a cognizable Eighth Amendment failure to protect claim against defendant Harrison. Although plaintiff alleges that the nature of his "charges" should have entitled to him to a segregated housing assignment, he has not specified what those conviction(s) are. He has also failed to allege whether his conviction(s) were the underlying rationale for his cell mate's

---

[1] Defendant Harrison is not yet listed on the docket of this case. The court will direct the clerk of court to add him as a defendant.

attack. Next, although plaintiff alleges that he was housed in administrative segregation prior to his incarceration at DVI, he has not alleged why his previous custodians thought that assignment necessary. If, for instance, plaintiff had been assigned to administrative segregation in his previous institution for disciplinary reasons, Harrison would not have had reason to believe that a similar assignment was necessary for plaintiff's protection. Last, plaintiff states that he should have seen a psychiatric provider upon arrival at DVI (ECF No. 1 at 3), but it is unclear if this allegation is relevant to his failure to protect claim against Harrison or, instead, a separate claim against unspecified defendants.

The court notes that a single paragraph comprises the entirety of plaintiff's complaint. Id. Although brevity is almost always favored under the federal pleading standards, a plaintiff should take care to allege the facts necessary to support his intended claim. A court cannot assume that a plaintiff "can prove facts that [he has] not alleged or that the defendant has violated the . . . laws in ways that have not been alleged[.]" Associated General Contractors v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Finally, the court notes that, although plaintiff has included the California Department of Corrections and Rehabilitation as a defendant in the caption of this case, he has failed to allege any specific wrongdoing on the part of this defendant. In any event, while the Eleventh Amendment does not prohibit suits against state officials in certain circumstances, it does erect a bar to suits against the state itself or its agencies. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity.").

**IV.     Leave to Amend**

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

**V.    Summary of the Order for Pro Se Litigant**

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The court has found that your allegations, as stated, are not enough to establish a failure to protect claim against defendant Harrison. The screening order has identified several factual gaps which your allegations should address in order to state a cognizable Eighth Amendment claim. You may do so by filing an amended complaint. Most importantly, the amended complaint should say what specific information Harrison had that let him know you would be in danger of assault unless you were placed in ad seg.

**VI. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The Clerk of Court shall update the docket to reflect that Harrison, a correctional officer at Deuel Vocation Institution, is a defendant to this action.
4. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.
5. Failure to comply with this order may result in dismissal of this action.

DATED: September 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE