1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD ANTHONY EVANS,                    No.  2:17-cv-1888 AC P

12                Plaintiff,

13        v.                                    ORDER

14   CALIFORNIA DEPT. OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                Defendants.

17

18        Plaintiff is a state prisoner proceeding pro se with this civil rights action seeking relief

19   pursuant to 42 U.S.C. § 1983.

20        On October 30, 2017, plaintiff filed a second amended complaint.  ECF No. 14.  On

21   January 29, 2018, plaintiff filed a motion to consolidate this case with two other cases that he had

22   opened in this court.  See ECF No. 16.  Thereafter, on April 30, 2018, plaintiff also filed a motion

23   to amend the complaint to include those two cases.  ECF No. 17.  For the reasons stated herein,

24   the court will deny the two motions.  However, in light of the content of these filings as well as

25   the information in the second amended complaint, the court will grant plaintiff a final opportunity

26   to amend his complaint.

27   ////

28   ////

I. MOTION TO CONSOLIDATE

The cases plaintiff wishes to consolidate with this matter are:  Evans v. California Dep't of Corr. and Rehab., No. 17-cv-1890 WBS DB P (E.D. Cal. filed September 11, 2017) ("Evans II"), and Evans v. California Dep't of Corr. and Rehab., No. 17-cv-1891 JAM KJN P (E.D. Cal. filed September 11, 2017) ("Evans III").  A review of the dockets of each of these cases indicates that on January 18, 2018, the court dismissed Evans III without prejudice because plaintiff had failed to amend the complaint.  See Evans III, ECF Nos. 12, 13, 14.  Thereafter, on April 26, 2018, Evans II was dismissed for failure to prosecute.  See Evans II, ECF Nos. 13, 14, 15. Specifically, plaintiff had again failed to amend the complaint as he had been ordered.  See Evans II, ECF No. 13 at 1.

District courts have "broad discretion under this rule to consolidate cases pending in the same district."  Inv'rs Research Co. v. United States Dist. Court for Cent. Dist., 877 F.2d 777 (9th Cir. 1989).  However, because these cases have been dismissed and closed, they are not pending. Therefore, they cannot be consolidated.  See Fed. R. Civ. Proc. 42(a) (identifying actions to be consolidated as ones actually before the court); see, e.g., Moon v. Lizarraga, No. 2:15-cv-0027 MCE CMK P, 2015 WL 5693093, at *5 (E.D. Cal. Sept. 28, 2015) (denying motion to consolidate closed cases).  For this reason, plaintiff's motion to consolidate this case with Evans II and Evans III (ECF No. 16) will be denied as moot.

II. MOTION TO AMEND

As for plaintiff's request to amend (ECF No. 17), plaintiff wishes to amend the instant complaint in order to include the claims he raised in Evans II and Evans III.  See ECF No. 17. For the reasons stated below, this motion must be denied as well.

A. Failure to Comply With Local Rule 220

First, the motion to amend does not include a copy of the proposed amended complaint which is required under Local Rule 220.  See ECF No. 17.  Local Rule 220 clearly states:

> [E]very pleading to which an amendment . . . is permitted . . . or has been allowed by court order . . . shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  No pleading shall be deemed amended or supplemented until this Rule has been complied with.

E.D. Cal., Civ. L.R. 220 (2009). In plaintiff's two-sentence motion to amend, he simply requests permission to add the Evans II and Evans III claims to the instant action because in Evans II and Evans III, he was denied the opportunity to "merge" all three cases. See ECF No. 17. The motion does not contain all relevant facts and claims, and therefore, it is not complete in and unto itself. Thus, on its face, the motion to amend as filed is deficient.

B.     Improper Defendants in Evans II and Evans III

Next, under the Eleventh Amendment, agencies of the state are immune from damage actions brought in federal court. See Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988) (citation omitted); see also Evans II, ECF No. 9 at 6 (stating same); see also Evans III, ECF No. 9 at 3 (stating same); see also 28 U.S.C. § 1915(e)(2)(B)(iii) (permitting dismissal of action which seeks monetary relief against defendant who is immune from such relief). Consequently, for the following reasons, the claims in Evans II and Evans III, as currently stated, are not viable.

The Evans II complaint listed no defendant other than the California Department of Corrections and Rehabilitation ("CDCR"), and it requested a sum of $250,000.00 in damages for pain and suffering experienced when plaintiff was not given pain medication for three weeks. See Evans II, ECF No. 1. The Evans III complaint had the same flaws. See Evans III, ECF No. 1 (identifying CDCR as sole defendant and requesting $200,000.00 in damages for pain and suffering for failing to provide mental health consultant over three week period). Because the claims for damages in Evans II and Evans III were not brought against appropriate defendants, the claims continue not to be cognizable. See generally 28 U.S.C. § 1915(e)(2)(B)(iii). For this reason as well, amending the complaint to include the claims in Evans II and Evans III as they are currently alleged would be improper.

C.     Failure to Comply With Local Rule 123

Local Rule 123 defines related actions, in relevant part, as ones where: (1) both actions involve the same parties and are based on the same or a similar claim; (2) both actions involve the same property, transaction or event, and/or (3) both actions involve similar questions of fact and the same question of law. See E.D. Cal., L.R. 123(a)(1)-(3) (2009).

In the motion to amend, plaintiff does not clarify precisely how the claims and parties in this matter and in Evans II and Evans III stem from a common question of law or fact.  See generally ECF No. 17.  He fails to clearly show that the claims and defendants identified in these three cases are closely related enough to warrant being addressed in the same complaint.  See generally id.

The instant complaint alleges that defendant Harrison, a sergeant at Deuel Vocational Institution in Tracy, CA ("DVI Tracy"), "set [plaintiff] up" to be attacked by his cellmate when he denied plaintiff's request to be placed in administrative segregation because of his sex offender status.  See ECF No. 14 at 1 (brackets added).  It also alleges that defendant Harrison violated plaintiff's rights when he failed to refer plaintiff for a mental health evaluation when he arrived at DVI Tracy because this failure to refer him also ultimately led to him being attacked.  See id. at 1-2.

In Evans II, plaintiff alleges that CDCR delayed plaintiff's access to pain medication for three weeks, and in Evans III, plaintiff alleges that CDCR delayed plaintiff's access to mental health care for three weeks (see Evans III, ECF No. 1 at 3).  Because there is no indication in the amended complaint how, if at all, any of these events and/or parties are related, the complaint may not be amended to include the claims in Evans II and Evans III as they are currently alleged.  In order to be added to the instant complaint, more information linking any and all appropriate defendants and events together needs to be provided in these claims.

III.    PLEADING STANDARD

A.    Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged

4

violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B.      Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Monell, 436 U.S. at 691.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Defendants cannot be held liable for being generally deficient in their supervisory duties.

////

IV.     APPLICABLE LAW:  DELIBERATE INDIFFERENCE STANDARD

     A.     Deliberate Indifference to Serious Medical Need

     "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).  This second prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1081 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

     Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842.  Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844-45; see also Simmons v. Navajo County Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

     The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.  Mere negligent failure to protect an inmate from harm is not actionable under § 1983. See id. at 835.

////

6

B.     Deliberate Indifference to Threat of Serious Physical Harm

The right to personal security is an "historic liberty interest" that is protected substantively by the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315 (1982).  This right is not extinguished by lawful confinement, even for penal purposes.  See generally Hutto v. Finney, 437 U.S. 678 (1978).  Insufficient protection of a prisoner resulting in harm inflicted by other inmates may also violate a prisoner's due process rights.  Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (citing Youngberg, 457 U.S. at 315-16).

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates."  Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015).  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury to him.  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013); see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (stating same with respect to harm inflicted by another inmate).  Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it.  Labatad, 714 F.3d at 1160.

V.     ANALYSIS

A.     Plaintiff's Deliberate Indifference to Serious Physical Harm Claims

Plaintiff's second amended complaint asserts that upon his arrival at DVI Tracy, defendant Harrison demonstrated deliberate indifference to serious physical harm to plaintiff when he:  (1) ignored plaintiff's request to be placed in administrative segregation due to his sex offender status, and (2) failed to send plaintiff for a mental health evaluation prior to placement.  See generally ECF No. 14.  While the former states a cognizable claim against defendant Harrison for deliberate indifference to serious physical harm stemming from a failure to protect, the latter does not.

1.     Plaintiff's Administrative Segregation Request

Plaintiff alleges that defendant Harrison denied plaintiff's specific request to be placed in administrative segregation and that as a result, he was brutally beaten.  See ECF No. 14 at 2.

According to plaintiff, he had been mistreated in Solano County Jail because of his sex offender charges.  See id. at 1.  For example, while in administrative segregation at the jail, plaintiff had his food port left open, had his cell door randomly pop open with no officers near his cell, and had "inmate contact" several times.  See id.  These incidents led to his placement in "mental health observation" for three days and to his being prescribed medication for these ailments.  See id.  These safety issues also caused plaintiff to have extreme paranoia and anxiety from which he still suffers.  See id.

Plaintiff alleges that because of the incidents that occurred at Solano County Jail because of his status, plaintiff expressed specific concerns for his safety to defendant Harrison upon arriving at DVI Tracy, and requested to be placed in administrative segregation.  See ECF No. 14 at 1.  According to plaintiff, defendant Harrison's response was, "This is prison," as if plaintiff's concerns were not important.  See id.  Plaintiff states, "[Defendant Harrison] knew my charges and seemed not to care for my safety when I expressed concerns to him."  ECF No. 14 at 1 (brackets added).  He asserts that because he was not placed in administrative segregation, he was beaten, presumably because of his sex offender status.  See generally ECF No. 14.  In sum, plaintiff argues, he was "put in a dangerous situation on purpose."  See ECF No. 14 at 1.

In light of:  (1) these statements; (2) defendant Harrison's awareness of plaintiff's sex offender status; (3) the substantial risk of harm such status had the potential to yield as told to defendant Harrison by plaintiff, and (4) defendant Harrison's subsequent disregard of said risk by failing to place plaintiff in administrative segregation, plaintiff has presented a cognizable claim that defendant Harrison demonstrated deliberate indifference to serious physical harm to plaintiff when he failed to protect him by placing him in administrative segregation.  See generally Johnson v. Robinson, No. 2:12-cv-2400 WBS DAD P, 2015 WL 882021, at *14 (E.D. Cal. Mar. 2, 2015) (stating objective and subjective elements of Eighth Amendment claim were satisfied by suggestion that sex offender label put plaintiff in physical danger and by plaintiff's adequate pleading of defendant's retaliatory-based deliberate indifference).

### 2. Plaintiff's Mental Health Concerns

Plaintiff further asserts that because he feared for his safety in prison due to the

mistreatment he had experienced at the Solano County Jail (see generally ECF No. 14 at 1 (stating since his jail incarceration, plaintiff has had "documented safety issues")), upon arrival at DVI Tracy he told defendant Harrison about his paranoia, anxiety and depression.  See ECF No. 14 at 2.  He alleges that he told defendant Harrison about the incidents that had happened to him while in jail as well as about the resultant concern for his safety while there.  See id.  However, despite being given this information, defendant Harrison did not mention the possibility of plaintiff receiving a psychological evaluation before he was placed in receiving, even though others with whom plaintiff had arrived had received one.  See ECF No. 14 at 1-2.  Instead, defendant Harrison "somehow bypassed [plaintiff's] psych exam in [receiving and release] and sent [him] straite [sic] to [his] housing unit where the attack happened."  ECF No. 14 at 2 (brackets added).

Plaintiff contends that had defendant Harrison sent him for a psychological evaluation when he arrived, it would have been determined that he should be placed in administrative segregation until an "ICC meeting" ultimately determined the appropriate setting for him.  See ECF No. 14 at 1.  He further asserts that had he received the evaluation prior to placement, the medications alone that he was taking upon his arrival at DVI Tracy would have raised safety concerns.  See generally id. at 2.  Nevertheless, instead of being directed to medical when he arrived, plaintiff was "pushed along like the rest of the new inmates."  See ECF No. 14 at 2.  As a result, plaintiff was not placed in administrative segregation, which ultimately led to plaintiff being beaten.  See ECF No. 14 at 1-2.

These statements fail to state a cognizable claim.  In order to prevail and recover damages against a defendant, a plaintiff must show:  (1) that the defendant, either by acting or by failing to act, was deliberately indifferent to the mandates of the Eighth Amendment, and (2) that the indifference was the actual and proximate cause of the deprivation of the individual's Eighth Amendment right to be free from cruel and unusual punishment.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see Williams v. Bennett, 689 F.2d 1379, 1380-81 (9th Cir. 1982) (stating proof of affirmative causal connection between act under color of state law and constitutional deprivation is required).

Although plaintiff states that in the past, he had been placed in "mental health observation," that currently, he hears voices and sounds and sees pictures, and that upon his arrival at DVI Tracy, he made defendant Harrison aware of his mental health problems (see ECF No. 14 at 1-2), there is no nexus between defendant Harrison's failure to send plaintiff for a mental health evaluation and plaintiff being beaten. While it is possible that a mental health referral by defendant Harrison may have ultimately led to plaintiff being placed in administrative segregation, that would not have been a necessary result. Plaintiff points to no prison policy which, in light of plaintiff's mental health ailments, would have mandated a mental health review as well as subsequent placement in administrative segregation. Moreover, because plaintiff is alleging that the beating occurred because of his sex offender status and not his mental health status, the failure to place plaintiff in administrative segregation based upon his mental health status also fails to support a causal link. Because there is no causal connection, the claim fails regardless of any allegations otherwise establishing deliberate indifference See, e.g., Leer, 844 F.2d at 634 (declining to consider deliberate indifference analysis due to failure to establish actual and proximate cause of constitutional violation). For these reasons, this claim fails.

B.     Plaintiff's Evans II and Evans III Claims:  Deliberate Indifference to Serious Medical and Mental Health Needs

In plaintiff's second amended complaint, he asserts that defendant Harrison "had something to do with [him] not seeing the [psych] on 6/05/17." ECF No. 14 at 2 (brackets added).  In Evans III, plaintiff also claims a violation of right because he was not immediately referred to mental health after he had been beaten. See generally Evans III.  It is unclear whether these two claims are referring to the same event or if one claim is referring to plaintiff not being sent for a psychological evaluation before he was placed in DVI Tracy while the other claim is referring to plaintiff not being sent for an evaluation after he had been beaten there.  If plaintiff chooses to amend the complaint, he must clarify this.  Specifically, if these are two different claims, plaintiff must make clear who denied or failed to refer him to mental health services immediately after the assault occurred as well as what harm the delay caused.  The same can be said for plaintiff's argument in Evans II:  In the amended complaint, plaintiff must identify who

10

1  denied or failed to refer plaintiff to medical immediately after he was beaten as well as what harm

2  resulted due to the delay in referral.

3  VI.  <u>LEAVE TO AMEND</u>

4      A.  <u>Options for Amending Complaint</u>

5      In sum, the court finds that plaintiff's contention that his constitutional rights were

6  violated when defendant Harrison failed to place him administrative segregation given his sex

7  offender status states a cognizable claim.  However, plaintiff's theory that those same rights were

8  violated when defendant Harrison failed to refer him to mental health prior to placing him does

9  not.  Additionally, because <u>Evans II</u> and <u>Evans III</u> have been closed, they may not be consolidated

10  with this case.  <u>See</u> Fed. R. Civ. Proc. 42(a).  Finally, plaintiff's motion to amend to include the

11  claims in <u>Evans II</u> and <u>Evans III</u> must be denied as deficient.  <u>See</u> E.D. Cal., Civ. L.R. 220

12  (2009).  However, if plaintiff believes that the claims in those cases involve the same party and

13  stem from the same transaction or event pursuant to law discussed herein, plaintiff may include

14  those claims if he opts to amend the complaint.

15      In light of the above, plaintiff is being given the following options:  Plaintiff must either:

16  (1) proceed immediately on the cognizable claim against defendant Harrison and voluntarily

17  dismiss the non-viable one as determined above, or (2) try to amend the complaint to make the

18  second claim against defendant Harrison a viable one.  If plaintiff wishes to proceed without

19  amending the complaint, the court will recommend the dismissal of plaintiff's claim that his

20  rights were violated because defendant Harrison failed to refer him to mental health upon his

21  arrival at DVI Tracy.

22      If plaintiff chooses to amend the complaint, he may include claims from <u>Evans II</u> and

23  <u>Evans III</u> that stem from the same transaction or event at issue in this case.  Plaintiff is cautioned,

24  however, that those claims must also identify appropriate defendants and they must provide clear

25  causal links.

26      Finally, if plaintiff chooses to amend the complaint, it must include all claims and requests

27  for relief that he wishes to make, <u>including</u> the claim that has been found aboce to state a claim,

28  because the court will not look at the claims or information in the original or previously amended

complaints. **In other words, any claims not in the amended complaint will not be considered.** In the amended complaint, if plaintiff includes the same claims and requests for relief which the court has already determined are not viable, he can expect that the court will recommend that they be dismissed.

Plaintiff must complete the attached notification indicating which option he chooses to pursue and return it to the court. Once the court receives the notice, it will issue an order telling plaintiff what he needs to do next (e.g., file an amended complaint or complete and return service paperwork).

B.    Format of Amended Complaint

If plaintiff chooses to amend the complaint, the court provides the following information as a guide:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating person subjects another to deprivation of constitutional right if he acts, participates in another's act, or omits to perform act he is legally required to do that causes alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal., Civ. L.R. 220 (2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating amended complaint supersedes original, the latter being treated thereafter as non-existent) (citation omitted); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take

12

pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten, and plaintiff would do well to avoid them wherever possible. See, e.g., Fed. R. Civ. Proc. 10(b) (indicating claims must be stated in numbered paragraphs).

VII.    PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

You have stated one claim that is cognizable and may proceed: that Harrison violated your Eighth Amendment right to physical safety by failing to place you in administrative segregation. However, your allegations that Harrison violated those same rights by failing to refer you to mental health prior to placement do not state claim. In addition, because the cases that you wish to consolidate with the instant action – Evans II and Evans III – have been closed, and so your request to consolidate these cases with the instant matter is being denied as moot. Finally, because the motion to amend that you submitted was not in the proper format, it is being denied.

You are, however, being given a final opportunity to file an amended complaint. If you choose to do so, all viable claims in this matter should be included. Therefore, if you believe that the claims in Evans II and Evans III arise from the same transaction or occurrence as the claims in this case, you may include them in an amended complaint. All claims must be clearly stated. In other words, they must all name proper defendants, and they must all establish a sufficient causal relationship between the actions taken against you and the harm caused to you.

If you choose not to amend the complaint, and you do not voluntarily dismiss the claim alleging that your rights were violated when defendant Harrison failed to refer you to mental health upon your arrival at DVI Tracy, the court will recommend that it be dismissed, and your case will proceed on the sole remaining claim against defendant Harrison. Either way, you must return the attached form to the court to inform it of what you wish to do.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's January 29, 2018 motion to consolidate cases 2:17-cv-1890 WBS DB P (Evans II) and 2:17-cv-1891 JAM KJN P (Evans III) with the instant action (ECF No. 16) is DENIED as moot;

////

2. Plaintiff's April 30, 2018 motion to amend the complaint (ECF No. 17) is DENIED as deficient;

3. Plaintiff is to return the attached Plaintiff's Notice on How to Proceed form within fourteen days of the service date of this order, and

4. The Clerk of Court is directed to send plaintiff a new civil rights complaint form from this district as well as a copy of the Local Rules from this district.

DATED: May 15, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD ANTHONY EVANS,              No.  2:17-cv-1888 AC P

12              Plaintiff,

13         v.                            PLAINTIFF'S NOTICE ON HOW TO
                                         PROCEED
14   CALIFORNIA DEPT. of CORRECTIONS
     AND REHABILITATION, et al.,
15
              Defendants.
16

17         CHECK ONE:

18   _____ Plaintiff would like to proceed immediately on his Eighth Amendment claim against

19   defendant Harrison related to his failure to place plaintiff in administrative segregation upon his

20   arrival at DVI Tracy without amending the complaint.  By choosing to go forward without

21   amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of the claim

22   against defendant Harrison that is related to his failure to refer plaintiff to mental health upon his

23   arrival at DVI Tracy, and (2) chooses to forego including any related and/or potentially viable

24   claims in Evans II and Evans III in this action.

25   _____ Plaintiff would like to amend the complaint.

26   DATED:  _____

27                                         _____
                                           RICHARD ANTHONY EVANS
28                                         Plaintiff Pro Se