1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD ANTHONY EVANS,                    No.  2:17-cv-1888 AC P

12                    Plaintiff,

13         v.                                   ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                    Defendants.

17

18         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

19   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to this court

20   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21         Before the court are plaintiff's motion for federal protection, filed April 25, 2019 (ECF

22   No. 35), his request for records, filed April 29, 2019 (ECF No. 37), and his motion to obtain

23   personal laptop containing evidence, filed May 6, 2019 (ECF No. 38).  In addition, plaintiff has

24   filed a notice re: settlement conference.  See ECF No. 36.  For the reasons stated below, these

25   motions and the request will be denied as improperly before the court.

26         On April 1, 2019, the court issued an order referring this matter to its Post-Screening

27   Alternative Dispute Resolution Project.  ECF No. 27.  As a result, the matter has been stayed for

28   ////

                                                 1

120 days so that the parties can investigate plaintiff's claims, meet and confer, and participate in a settlement conference. See id. at 1. In sum, the stay serves to halt all pretrial litigation.

On April 25, 2019, in the process of denying a discovery-related motion and a motion for a change in defense counsel filed by plaintiff, the court reminded plaintiff of the stay in this action, and informed him that the court would not consider filings presented to it that were not related to the pending, court-ordered settlement conference proceedings. See ECF No. 34 at 2.

The instant motion for federal protection and the motion to obtain plaintiff's personal laptop are not related to the pending court-ordered settlement proceedings, nor is plaintiff's request for records. See generally ECF Nos. 35, 37, 38. As a result, these motions shall be denied as improperly filed.

To the extent that plaintiff states in his notice re: settlement conference document that he did not receive notice of the settlement proceedings (see ECF No. 36), there is no indication that the court's April 1, 2019 order which referred this matter to the court's Post-Screening Alternative Dispute Resolution Project was returned to the court as undeliverable. Moreover, a filing mailed is presumed delivered. See Fed. R. Civ. P. 5(b)(2)(C); Peraza v. Delameter, 722 F.2d 1455, 1456 (9th Cir. 1984). In any event, the court's April 25, 2019 order clearly indicates that this matter has been stayed (see ECF No. 34), and plaintiff's instant notice re: settlement conference demonstrates that he is now aware that this action is in the settlement proceedings stage. (see ECF No. 36).

Nevertheless, on the off-chance that plaintiff has still not received the court's April 1, 2019 stay order, the court will direct the Clerk of Court to provide plaintiff with a copy of it. In that order, of immediate importance to plaintiff should be the Notice Re: Plaintiff's Appearance at Settlement Conference (Post-Screening ADR Project) on the last page. See ECF No. 27 at 4. Plaintiff must review it, fill it out, and return it to the court immediately. Otherwise, the court will issue a writ ordering plaintiff to appear in person for the settlement conference at the Eastern District of California's courthouse located in Sacramento.

////

////

2

Accordingly, IT IS HEREBY ORDERED that:

1.  The following motions and request are DENIED as improperly before the court:

    a.  Plaintiff's motion for federal protection, filed April 25, 2019 (ECF No. 35);

    b.  Plaintiff's request for records, filed April 29, 2019 (ECF No. 37), and

    c.  Plaintiff's motion to obtain personal laptop containing evidence, filed May 6, 2019 (ECF No. 38);

2.  The Clerk of Court shall send plaintiff a copy of the court's Order Referring Case to Post-Screening ADR Project, issued April 1, 2019 (ECF No. 27);

3.  Upon receipt of this order, plaintiff shall immediately fill out and return to the court the Notice Re:  Plaintiff's Appearance at Settlement Conference (Post-Screening ADR Project). See ECF No. 27 at 4, and

4.  If plaintiff fails to file the election notice by the deadline, if settlement proceedings take place, plaintiff will be required to participate in the proceedings in person at the Eastern District of California's courthouse located in Sacramento, California.

DATED: May 8, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE