UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 2:17-cv-1888 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2019, plaintiff filed a request for single cell status. ECF No. 49. In it, plaintiff asks that he be placed in a single cell during his settlement proceedings "to ensure [his] safety and security." See id. Plaintiff states he is making the request because this court recently denied his request for federal protection. See id.

Because plaintiff makes general statements that his personal safety is at risk and that as a result, he would like the court to intervene for his protection, the court construes this filing as a motion for a preliminary injunction. For the reasons stated below, it shall be denied.

////

I.     APPLICABLE LAW

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest. See Stormans, Inc., 586 F.3d at 1127 (citing Winter, 555 U.S. at 20).

II.    DISCUSSION

Plaintiff's three-sentence filing fails to make the threshold showing necessary for the issuance of a preliminary injunction. The filing reads in its entirety as follows:

> I would like to request to be placed on single cell status throughout my settlement proceedings. This is to ensure my safety [and] security, due to my multiple case factors, since my request for federal [protection], has been denied by the U.S. Eastern District Court.
> I declare under penalty of perjury that the foregoing is true and correct.

ECF No. 49 (brackets added).

These statements do not establish that plaintiff is likely to suffer irreparable harm in the absence of an injunction, nor do they satisfy any of the other requirements for a preliminary injunction.

Furthermore, the principle that an inmate has no right to be housed in a less restrictive section of a facility, Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991), compels the conclusion that an inmate also has no right to be housed in a more restrictive area. See generally Atiyeh v. Capps, 449 U.S. 1312, 1315-16 (1981) (nothing in Eighth Amendment requires inmates be housed in manner that avoids confrontation); see also Lyon v. Farmer, 727 F.2d 766, 768 (8th

Cir. 1984) (transfer within prison is within discretion of prison officials).  For these reasons, the court shall deny plaintiff's request for single cell status.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for single cell status, filed June 24, 2019 (ECF No. 49), is DENIED.

DATED:  June 26, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE